UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMUND K. GIBBONS III,

      Plaintiff,

-against-

AMY SCHWARTZ; JAMES LANE; KATE FRANKLIN; MAYRA CUEVAS; LUCY JAMES, DOES 1-100,

      Defendants.

25-CV-8822 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the Rehabilitation Act, the Americans with Disabilities Act (ADA), and state law. By order dated November 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, with 60 days' leave to replead.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff resides in Texas and was an active participant in the Kadampa Meditation Center (KMC) in Texas from 2010 to 2021. In 2021, after over a decade in the Teacher Training Program (TTP) at KMC Texas, the resident teacher instructed the Plaintiff not to return or participate in TTP discussions; this marked the start of a pattern of exclusion within the New Kadampa Tradition (NKT) network. Plaintiff alleges that he had no record of misconduct within the NKT community and that his exclusion

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

was based on internal gossip originating in the Texas TTP community about an "expunged legal matter" that he considers unrelated.

Between 2023 and 2025, Plaintiff made efforts to attend classes and retreats, and to volunteer in NKT centers in New York, Colorado, Georgia, and Arizona, with mostly unsuccessful results. In November 2023, Amy Schwartz of KMC New York denied his three-month retreat application, citing "concerns of violence." (ECF 1 at 4-5.) Plaintiff was informed that he could reapply in one year; however, he continued to be excluded when he attempted to reapply.

In October 2023 and January 2024, Kate Franklin of KMC Colorado would not allow Plaintiff to attend in person. Plaintiff was told that, "We are not ready for you to do that yet." (*Id.* at 15.) Later, his application was denied, allegedly "for the safety of yourself and others." (*Id.* at 14.) Plaintiff was refused an overnight stay based on allegations he had been "acting strange" in 2022, and an informal "requirement" that the director must have known a guest for fifteen years. (*Id.* at 7.) In August 2025, KMC Colorado allowed Plaintiff to attend day programs without overnight stays.

Plaintiff brings this suit against Defendants James Lane (Administrative Director, International Kadampa Retreat Center, Arizona), Kate Franklin (Administrative Director, KMC Colorado), Lucy James (Resident Teacher, KMC Colorado), Amy Schwartz (Administrative Director, KMC New York), and Mayra Cuevas (Administrative Director, KMC Georgia) and Does #1-100, who are unknown administrators, managers, and resident teachers of NKT. He asserts federal claims under the ADA and Rehabilitation Act, and state-law defamation claims. Plaintiff seeks damages, and injunctive relief prohibiting his exclusion and requiring "ADA compliance."

## DISCUSSION

A.  **ADA Claims**

To state a disability discrimination claim under Title III of the ADA, a plaintiff must allege: (1) that he is disabled within the meaning of the statute; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against the plaintiff within the meaning of the statute. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). A plaintiff must also allege that the "exclusion or discrimination was due to [the plaintiff's] disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (*quoting Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)). A plaintiff can base a disability discrimination claim on any of three theories: "(1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Brief v. Albert Einstein Coll. of Med.*, 423 Fed. Appx. 88, 90 (2d Cir. 2011) (quoting *Fulton*, 591 F.3d at 43). Injunctive relief is the only remedy available to private litigants under Title III of the ADA. *See* 42 U.S.C. § 12188(a)(1).

Under the ADA, a person with a disability is someone who: has a physical or mental impairment that substantially limits one or more major life activities; has a history or record of such an impairment; or is regarded as having such an impairment, whether or not the impairment limits or is perceived to limit a major life activity, 42 U.S.C. § 12102(1)(A)-(C). The ADA, as amended in 2008, directs courts to construe the term disability "in favor of broad coverage of individuals under [the ADA], to the maximum extent permitted by the terms of [ADA]." 42 U.S.C. § 12102(4)(A).

Plaintiff alleges he is a "100% service-connected disabled veteran," and that he is "protected under federal disability rights statutes." (ECF 1 at 2.) Plaintiff's assertion that he is disabled is a legal conclusion; he has not alleged any facts about whether he has a physical or

4

mental impairment that substantially limits one or more major life activities; has a history or record of such an impairment; or is regarded as having such an impairment.

Even assuming that Plaintiff is disabled, he has not alleged facts that could give rise to an inference that he was denied participation in meditation center programs because of his disability. On the contrary, Plaintiff supplies a different rationale for exclusion. Plaintiff alleges that he was excluded based on gossip and rumors about a "personal legal matter" that was resolved and expunged. (*Id.* at 3.) Plaintiff has not alleged facts sufficient to suggest that he was discriminated against due to a disability, and the Court cannot discern from these allegations whether Plaintiff intends to allege that he was subjected to intentional discrimination, whether he suffered some disparate impact due to an alleged disability, or whether he sought and was denied an accommodation for a disability. Plaintiff's allegations thus fail to state a claim under the ADA, and the Court dismisses Plaintiff's ADA claims. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court, below, grants Plaintiff leave to amend to replead his claims. The Court notes, however, that Plaintiff should not replead his claim for damages under the ADA, because only injunctive relief is available under Title III of the ADA. 42 U.S.C. § 12188(a)(1).

In addition, Plaintiff has named only individuals, and these individuals may not be proper defendants for this ADA claim. Title III of the ADA provides for liability for any person or private entity "who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "In determining whether an individual is a proper defendant under the ADA, the inquiry must focus on the issue of control, *i.e.*, whether the named defendant 'operates' a place of public accommodation within the meaning of the ADA." *Bowen v. Rubin*, 385 F. Supp.

2d 168, 180 (E.D.N.Y. 2005);[2] *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 216 (E.D.N.Y. 1999) ("[A]n individual defendant may be characterized as the owner or operator of a public accommodation under the ADA."). Allegations that an individual was a decisionmaker regarding accommodations for a disabled individual are insufficient to establish that an individual operates a public accommodation. *Id.* at 217 (allegations "that the Individual Defendants were responsible for making decisions regarding disabled students and plaintiff in particular, and further assuming that such actions may be attributed to the University, . . .do not require a holding that personal liability follows.").[3] If Plaintiff files an amended complaint seeking relief under the ADA against individuals, he must include facts specifying the relationships of those individuals with the entities that he alleges discriminated against him.

**B.     Rehabilitation Act**

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under" any covered "program or activity." 29 U.S.C. § 794(a). Section "504 of the Rehabilitation Act is directed at prohibiting discrimination against the disabled by public entities that receive funding from the federal government." *Hallett v. New York State Dep't of Corr. Servs.,* 109 F. Supp. 2d 190, 199 (S.D.N.Y. 2000). The Rehabilitation Act applies only to programs receiving federal financial assistance. *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 113 (2d Cir. 2001) ("[Section] 504 applies only to those [entities] that accept federal funds").

---

[2] In *Bowen*, for example, the president and sole shareholder of a corporation that had no board of directors was determined to have power and discretion to operate the facility and make decisions regarding training and supervision of the corporation's employees.

[3] The Court has not reached, at this stage, questions about whether the entities involved qualify as public accommodations.

There is no individual liability under the Rehabilitation Act. *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) ("[T]he Rehabilitation Act does not provide for individual liability."); *Garcia,* 280 F.3d at 107 (Section "504 of the Rehabilitation Act [does not] provid[e] for individual capacity suits."). Because individuals are not proper defendants for claims under the Rehabilitation Act, Plaintiff's Rehabilitation Act claims against Defendants Lane, Franklin, James, Schwartz, and Cuevas must be dismissed for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and should not be repleaded if Plaintiff chooses to file an amended complaint.

**C.    Defamation**

Plaintiff invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, alleging that he is a citizen of Texas and Defendants are citizens of states other than Texas and that the amount in controversy exceeds $75,000.[4] He brings a claim under New York law for defamation.[5] "Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (quoting *Hogan v. Herald Co.*, 84 A.D.2d 470, 474 (4th Dep't), *aff'd*, 58 N.Y.2d 630 (1982)). Generally, spoken defamatory words are slander; written defamatory words are libel. *Id.* at 256 (citing *Matherson v. Marchello*, 100 A.D.2d 233, 239 (2d Dep't 1984)).

New York law defines defamation as "the making of a false statement of fact which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace." *Chapadeau v. Utica*

---

[4] The Court notes that Plaintiff has listed workplace addresses for defendants but citizenship is based on domicile. Moreover, if Plaintiff chooses to file an amended complaint, the diversity analysis may change if Plaintiff names defendants who are not individuals. *See, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business).

[5] It is unclear that New York law applies to all of Plaintiff's defamation claims.

*Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975). The elements of a defamation claim are "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se." *Nunes v. NBC Universal Media, LLC*, 643 F. Supp. 3d 403, 412 (S.D.N.Y. 2022) (quoting *Dillon v. City of New York*, 261 A.D.2d 34, 39, 704 N.Y.S.2d 1 (1st Dep't 1999)).[6]

"Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). The difference between a pure opinion, which is not actionable, and an actionable mixed opinion is "the implication that the speaker knows certain facts, unknown to the audience, which support the speaker's opinion and are detrimental to the person being discussed." *Nunes*, 643 F. Supp. 3d at 414 (citing *Davis*, 24 N.Y.3d at 269); *Gross v. New York Times Co.*, 82 N.Y.2d 146, 153-54 (1993). If a statement either is true, or cannot be "proven false," it cannot be claimed to be defamatory. *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 312 (S.D.N.Y. 2017)

Plaintiff has not identified the false factual statements that were allegedly made to third parties. Plaintiff alleges that Defendant Mayra Cuevas, whom he has never met, denied his application for an overnight stay on the grounds that, in 2022, he had been "acting strange" (ECF 1 at 7). This is not an allegation that Defendant Cuevas made false statements to a third party; the statement is alleged to have been made to Plaintiff, in denying his application. Although Plaintiff suggests that information that he had been acting strangely must have come from a third party,

---

[6] "Because the falsity of the statement is an element of the defamation claim, the statement's truth or substantial truth is an absolute defense." *Stepanov v. Dow Jones & Co., Inc.*, 120 A.D.3d 28, 34 (1st Dep't 2014).

8

because he and Cuevas had never met, he has not identified any false statement that Cuevas made to a third party, or any false statements that were made to her.

Next, Plaintiff alleges that Amy Schwartz denied his application for a three-month retreat at KMC New York, "stating that there were 'concerns of violence.'" (ECF 1 at 6.) This is also not an allegation that Defendant Schwartz made false statements to a third party; the statement was made to Plaintiff, in denying his application.

Plaintiff further alleges that Schwartz's statement that she had "concerns of violence" later "became the foundation for subsequent republications by other administrators . . . ." (*Id.* at 6.) Because Plaintiff has not alleged what statements Schwartz made to any third party, the Court cannot analyze whether Schwartz expressed an opinion that was accompanied by a recitation of the facts on which it is based, or whether she is alleged to have made a statement of opinion that implied, falsely, that there was some basis for her concerns. Because the complaint does not plainly allege what statements were published to third parties, either in writing or orally, Plaintiff fails to state a claim for defamation.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 60 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 10, 2025
          New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                            Chief United States District Judge