UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMUND K. GIBBONS III,

Plaintiff,

-against-

AMY SCHWARTZ, *et al.*,

Defendants.

No. 25-CV-8822 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Edmund Gibbons ("Plaintiff"), who resides in Texas, brings this action *pro se* against various Kadampa Meditation entities, Amy Schwartz, James Lane, Kate Franklin, Mayra Cuevas, and Lucy James (together "Defendants"), as well as certain John Doe Defendants (the "Doe Defendants"), based on alleged mistreatment including Plaintiff's exclusion from retreats, volunteer residencies, and programming run by the Kadampa Medication Center. (*See generally* Am. Compl. (Dkt. No. 8).) In his Amended Complaint, Plaintiff asserts claims for alleged violations of his rights under Title III of the Americans with Disabilities Act, the Rehabilitation Act, and state law. (*Id.* at 3–4.) By order dated November 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**DISCUSSION**

**A. Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*,

[1] Although the summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the following Defendants: Kadampa Mediation Center New York, International Kadampa Retreat Center Grand Canyon, Kadampa Mediation Center Colorado, Kadampa Mediation Center Georgia, Mayra Cuevas, Kate Franklin, Lucy James, James Lane, and Amy Schwartz. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each of these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B. Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is generally entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the operative complaint, Plaintiff sues "Does 1-100 Other Administrators or Managers or Resident Teachers of the New Kadampa Tradition." (Am. Compl. 1.) He alleges that such unknown defendants "participated in the communication, adoption, republication, or enforcement of rumor-based

---

If the Complaint is not served within 90 days from the date a summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time . . . .").

exclusions." (*Id.* at 10.) Plaintiff has not supplied sufficient information for identification of these defendants, and the Court therefore does not direct Defendants to attempt to identify any Doe Defendants.

**CONCLUSION**

The Clerk of Court is instructed to (1) issue summonses for Defendants Kadampa Mediation Center New York, International Kadampa Retreat Center Grand Canyon, Kadampa Mediation Center Colorado, Kadampa Mediation Center Georgia, Mayra Cuevas, Kate Franklin, Lucy James, James Lane, and Amy Schwartz; (2) complete a USM-285 form with the address for each of these defendants, and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

Plaintiff may consent to accept service of documents in this case by email, instead of postal mail, by completing the form available at the following link: https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.

The Clerk of Court is respectfully directed to mail a copy of this Order and an information package to Plaintiff.

SO ORDERED.

Dated: August 12, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Kadampa Mediation Center New York
47 Sweeney Road
Glen Spey, NY 12737

2. International Kadampa Retreat Center Grand Canyon
6701 East Mountain Ranch Road
Williams, AZ 86046

3. Kadampa Mediation Center Colorado
4840 West 29th Avenue
Denver, CO 80212

4. Kadampa Mediation Center Georgia
741 Edgewood NE
Atlanta GA 30307

5. Mayra Cuevas
Kadampa Mediation Center Georgia
741 Edgewood NE
Atlanta GA 30307

6. Kate Franklin
Kadampa Mediation Center Colorado
4840 West 29th Avenue
Denver, CO 80212

7. Lucy James
Kadampa Mediation Center Colorado
4840 West 29th Avenue
Denver, CO 80212

8. James Lane
International Kadampa Retreat Center Grand Canyon
6701 East Mountain Ranch Road
Williams, AZ 86046

9. Amy Schwartz
Kadampa Mediation Center New York
47 Sweeney Road
Glen Spey, NY 12737